

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

PHILIP KELLY                                                                PLAINTIFF

V.                                                  CIVIL ACTION NO.: 3:15-cv-838 LG-RHW

TOWN OF LENA, MISSISSIPPI and                               DEFENDANT
JAMES JOHNSON

## COMPLAINT

### JURY TRIAL DEMANDED

**COMES NOW**, Philip Kelly, the Plaintiff, by and through his counsel, and files this complaint for damages of and against the Town of Lena, Mississippi and Jamie Johnson, individually. In support thereof, the Plaintiff would show unto the Court the following facts:

### PARTIES

1. That Philip Kelly, the Plaintiff, is an adult, resident citizen 1523 Highway 35 South, Carthage, Leake County, Mississippi.

2. That the Town of Lena, Mississippi is an incorporated municipality, and may be served with process through the Town Clerk, Trixie Spencer, at Lena Town Hall, or at 9419 Hillsboro Ludlow Road, Lena, Mississippi.

3. That James "Jamie" Johnson is an adult, resident citizen of the Town of Lena, Mississippi and may be served with process at his residence address 2292 Mill Road, Lena, Leake County, Mississippi 39094.

### JURISDICTION AND VENUE

4. This Court has federal subject matter jurisdiction in this cause pursuant to 28 U.S.C. § 1331.

5. All acts and omissions complained of herein occurred in Leake County, Mississippi. All Defendants are state actors and engaged in violations of the Plaintiffs' constitutional rights as set forth herein below.

6. This action is authorized and instituted pursuant to 42 U.S.C. §§ 1983 and 1988 of the Civil Rights Act.

## STATEMENT OF FACTS

7. On or about February 9, 2014, the Plaintiff, Philip Kelly, was driving his vehicle along Hwy 487 and entered into the incorporated limits of the Town of Lena, Mississippi.

8. Town of Lena Chief of Police Jamie Johnson was sitting in Harmony Church parking lot and pulled out behind the Plaintiff.

9. Jamie Johnson followed behind the Plaintiff for approximately one mile, through the stop sign, across Highway 13, and straight ahead for several hundred more yards, and continued to follow the Plaintiff as Plaintiff turned onto Valley Street, where the Plaintiff lived.

10. As the Plaintiff turned onto Valley Street, Police Chief Johnson turned on his blue lights, and Plaintiff pulled over immediately.

11. Chief of Police Johnson walked up to the driver's side window, removed his cell phone from back pocket, and began to take photos of the Plaintiff, lifting the Plaintiff's skirt, and continuing to take photographs.

12. The Plaintiff was asked to produce his license and insurance and was so upset by the officer's conduct that he could not, at the time, locate his license and insurance.

13. Chief of Police Johnson opened the Plaintiff's car door, told him to get out, handcuffed Plaintiff, and put the Plaintiff in the back of Chief of Police Johnson's patrol car.

14. Chief of Police Johnson then conducted a search incident to arrest and searched the Plaintiff's car.

15. The Plaintiff, a male, who was dressed in women's clothing, asked Chief of Police Johnson to allow him to put on the blue jeans, tennis shoes, and t-shirt he had in the back of his car.

16. Chief of Police Johnson denied the Plaintiff the ability to put clothes on.

17. The Plaintiff requested no less than three times that Chief of Police Johnson allow him to dress before taking him to jail, and each request was denied.

18. Chief of Police Johnson took Plaintiff to City Hall, took Plaintiff out of the patrol car, and began to take photos of the Plaintiff inside City Hall.

19. Plaintiff protested, and asked Chief of Police Johnson why he was photographing him.

20. Chief of Police Johnson advised Plaintiff that the photographs were being taken "for my personal use."

21. The Plaintiff was transported to Leake County Jail in Carthage, Mississippi where surveillance video captured Chief of Police Johnson taking photographs of the Plaintiff on Johnson's personal cell phone which the Leake County Jail employees were conducting the booking process. See Exhibit 1 hereto.

22. Officer Howard Johnson noticed, while Officer Howard Johnson was conducting the booking process, that Officer Jamie Johnson took out his cell phone and began taking pictures of the Plaintiff. See Exhibit 2 hereto.

23. The Plaintiff was booked into the Leake County jail where he was held against his will for eighteen (18) hours.

24. The Plaintiff has a First Amendment right to express himself by dressing in female attire.

25. The Plaintiff was unlawfully arrested, harassed, intimidated, photographed, humiliated, embarrassed, in retaliation for exercising his First Amendment right to freedom of expression through dress.

26. Plaintiff's arrest was motivated by a desire to retaliate against the Plaintiff for expressing himself by wearing female clothing.

27. The Plaintiff has a Fourth Amendment right to be free from unreasonable searches and seizures.

28. The Plaintiff was unreasonably, unlawfully arrested, searched, and seized in furtherance of the Chief of Police's desire to retaliate against the Plaintiff for exercising his First Amendment right to free expression.

29. The Plaintiff was falsely arrested and falsely imprisoned in violation of his Fourth amendment rights.

30. The Chief of Police, while acting under color of state law, and acting with reckless disregard and willful indifference to the well-being of the Plaintiff captured and

4

disseminated photos of the Plaintiff which the Chief of Police knew would cause severe and extreme embarrassment to the Plaintiff.

31. The sole reason the Chief of Police captured and disseminated embarrassing photos of the Plaintiff was to retaliate against the Plaintiff for exercising his First Amendment right to freedom of expression.

32. That the Chief of Police, while acting under color of state law, negligently and or with gross negligence, used electronic means, social media, and a cellular telephone to harass, bully, humiliate, intimidate and threaten the Plaintiff in violation of state law and federal law.

33. That the Chief of Police, while acting under color of state law, caused severe and extreme mental and emotional distress, embarrassment, humiliation, and intense mental and emotional anguish to the Plaintiff by disseminating photographs of the Plaintiff to Alderman Steve Langford, Rob Klemm, and others, which the Chief of Police knew, or should have known, would humiliate the Plaintiff.

34. The Chief of Police, as the official law enforcement policy maker of the Town of Lena, exercised a pattern, practice and policy of using his position of power and authority to abuse citizens.

35. The Chief of Police, as the official law enforcement policy maker of the Town of Lena, and the Town of Lena, failed to establish necessary policies and procedures sufficient to prevent the harm caused to the Plaintiff.

36. The Town of Lena failed to properly train, instruct and supervise the Chief of Police.

37. That Chief of Police Johnson violated the Plaintiff's Fourteenth Amendment right to bodily integrity by lifting the Plaintiff's shirt and taking photos of the Plaintiff's genital area while the Plaintiff was seated in his car.

38. The Town of Lena had a municipal policy of harassing, bullying, and intimidating those exercising first amendment expression rights.

39. The Plaintiff was discriminated against by the Town of Lena on the basis of his sex as a male dressed in clothes typically attributed to females.

40. The Plaintiff has suffered embarrassment, humiliation, emotional distress, mental anguish, loss of employment, pecuniary loss, and other damages to be proven at trial as a result of the Defendants' unlawful actions.

**WHEREFORE, PREMISES CONSIDERED,** the Plaintiff prays for judgment of and against the Town of Lena, Mississippi and James "Jamie" Johnson, and after a trial by jury hereon, for an award of damages as follows:

(a) Award the Plaintiff all damages to which he is entitled for the violations of his federal, constitutional rights, including, but not necessarily limited to, all special, general, compensatory, non-compensatory, punitive or other damages;

(b) Award the Plaintiff the costs of this suit, including reasonable attorneys' fees and costs, pursuant to 42 U.S.C. §§ 1983 and 1988 or as otherwise authorized by law;

(c) Award the Plaintiffs pre and post judgment interest to the extent authorized by law; and,

(d) Award such other relief as to which the Plaintiff may be justly and properly entitled.

DATED this the 16 day of ~~October,~~ November, 2015.

Respectfully submitted:

_____
VICTORIA PRINCE RYALS (MS BAR NO. 103090)
RYALS LAW FIRM, P.A.
POST OFFICE BOX 1563
BATESVILLE, MS 38606
T: 662-563-4300
F: 888-762-8358
victoriaprincelaw@gmail.com

STATE OF MISSISSIPPI

COUNTY OF PANOLA

**VERIFICATION OF COMPLAINT**

I, PHILIP KELLY, the Plaintiff herein, after being duly sworn, state upon my oath that the facts and information contained in the above and foregoing Complaint are true and correct as stated therein to the best of my knowledge, information, and belief.

THIS the 28 day of October, 2015.

_____
PHILIP KELLY

SWORN TO AND SUBSCRIBED before me this the 28 day of October, 2015.

(SEAL)

7