IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**PHILIP KELLY**                                                                                                **PLAINTIFF**

**VS.**                                                 **CIVIL ACTION NO.: 3:15-cv-00838-LG-RHW**

**TOWN OF LENA, MISSISSIPPI, AND JAMES
JOHNSON**                                                                              **DEFENDANTS**

### MUNICIPAL DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
### TO PLAINTIFF'S COMPLAINT

**COME NOW**, Defendants, Town of Lena, Mississippi and James Johnson (referred to herein as "Municipal Defendants"), by and through counsel of record, and respectfully submit this their *Answer and Affirmative Defenses to Plaintiff's Complaint* (the "Complaint") and, in support hereof, would show unto the Court the following:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Municipal Defendants plead all applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

Punitive damages cannot be assessed against the Town of Lena, Mississippi or James Johnson in his official capacity.

### FOURTH AFFIRMATIVE DEFENSE

While denying that Plaintiff is entitled to punitive damages, Municipal Defendants affirmatively plead that an award of punitive damages in an amount in excess of that proportion permitted by the laws of the United States would violate the Due Process protections of the U.S. Constitution. Further, Mississippi laws and procedures governing punitive damages are violative of the Sixth Amendment, Eighth Amendment, the Due Process Clause and Equal Protection

Clause of the Fourteenth Amendment, and other provisions of the United States Constitution and Article III, Section 14 and other provisions of the Constitution of the State of Mississippi.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's alleged injuries were not caused by a policy or custom of the Town of Lena, Mississippi. Thus, there can be no municipal liability under federal law.

**SIXTH AFFIRMATIVE DEFENSE**

James Johnson, in his individual capacity, is entitled to qualified immunity from Plaintiff's claims because his conduct did not violate clearly established constitutional rights of which a reasonable person would have known.

**SEVENTH AFFIRMATIVE DEFENSE**

Municipal Defendants plead all applicable provisions of the Mississippi Tort Claims Act, Miss. Code Ann. §11-46-1, et seq., including, but not limited to, all applicable statutes of limitations, all exemptions from liability, all jurisdictional prerequisites to suit and no right to a jury trial.

**EIGHTH AFFIRMATIVE DEFENSE**

Municipal Defendants reserve the right to rely on further affirmative defenses as they become available through further investigation or discovery.

**ANSWER**

Municipal Defendants deny the allegations contained in the first unnumbered paragraph of Plaintiff's Complaint beginning "COMES NOW…", except to admit that Plaintiff's Complaint has been brought against Municipal Defendants. All remaining allegations contained in this unnumbered paragraph are denied.

## I. PARTIES

1. Municipal Defendants are without information sufficient to admit or deny the allegations contained in Paragraph 1 of Plaintiff's Complaint and, therefore, deny the same.

2. Municipal Defendants admit the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3. Municipal Defendants admit the allegations contained in Paragraph 3 of Plaintiff's Complaint.

## II. JURISDICTION AND VENUE

4. Municipal Defendants admit the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5. Municipal Defendants deny the allegations contained in Paragraph 5 of Plaintiff's Complaint, except to admit venue in this Court is proper.

6. The allegations contained in Paragraph 6 of Plaintiff's Complaint call for a legal conclusion from Municipal Defendants and, therefore, do not require a response from these Defendants. However, to the extent these allegations are construed as requiring a response, Municipal Defendants admit Plaintiff's Complaint is brought, in part, through 42 U.S.C. § 1983. All remaining allegations of this paragraph are denied.

## III. STATEMENT OF FACTS

7. Municipal Defendants deny the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. Municipal Defendants deny the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9. Municipal Defendants deny the allegations contained in Paragraph 9 of Plaintiff's Complaint.

PD.18801772.1

10. Municipal Defendants deny the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11. Municipal Defendants deny the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12. Municipal Defendants deny the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. Municipal Defendants deny the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14. Municipal Defendants deny the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15. Municipal Defendants deny the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16. Municipal Defendants deny the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17. Municipal Defendants deny the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18. Municipal Defendants deny the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19. Municipal Defendants deny the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20. Municipal Defendants deny the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21. Municipal Defendants deny the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22. Municipal Defendants deny the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23. Municipal Defendants deny the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24. The allegations contained in Paragraph 24 of Plaintiff's Complaint call for a legal conclusion and do not require a response from Municipal Defendants. However, to the extent such allegations require a response from Defendants, the same are denied.

25. Municipal Defendants deny the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26. Municipal Defendants deny the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27. The allegations contained in Paragraph 27 of Plaintiff's Complaint call for a legal conclusion and do not require a response from Municipal Defendants. However, to the extent such allegations require a response from Defendants, the same are denied.

28. Municipal Defendants deny the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29. Municipal Defendants deny the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30. Municipal Defendants deny the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31. Municipal Defendants deny the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32. Municipal Defendants deny the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33. Municipal Defendants deny the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34. Municipal Defendants deny the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35. Municipal Defendants deny the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36. Municipal Defendants deny the allegations contained in Paragraph 36 of Plaintiff's Complaint.

37. Municipal Defendants deny the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38. Municipal Defendants deny the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39. Municipal Defendants deny the allegations contained in Paragraph 39 of Plaintiff's Complaint.

40. Municipal Defendants deny the allegations contained in Paragraph 40 of Plaintiff's Complaint.

41. Municipal Defendants deny the allegations contained in the last unnumbered paragraph of Plaintiff's Complaint beginning "WHEREFORE, PREMISES CONSIDERED…", inclusive of the allegations contained in sub-paragraphs (a) through (d).

**WHEREFORE, PREMISES CONSIDERED**, Municipal Defendants, the Town of Lena, Mississippi and James Johnson, respectfully request that this Court dismiss Plaintiff's Complaint and award Municipal Defendants their costs and any other relief that is warranted or that the Court deems proper.

THIS, the 27th day of January, 2016.

Respectfully submitted,

PHELPS DUNBAR, LLP


BY: */s/ Jason T. Marsh*
    Gary E. Friedman, MB #5532
    Jason T. Marsh, MB #102986
    4270 I-55 North
    Jackson, Mississippi 39211-6391
    Post Office Box 16114
    Jackson, Mississippi 39236-6114
    Telephone: 601-352-2300
    Telecopier: 601-360-9777
    Email: friedmag@phelps.com
           marshj@phelps.com

**ATTORNEYS FOR MUNICIPAL DEFENDANTS**

# CERTIFICATE OF SERVICE

I, JASON T. MARSH, do hereby certify that on January 27, 2016 I electronically filed the above and foregoing *MUNICIPAL DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT* with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following counsel of record:

Victoria Prince Ryals, Esq.
RYALS LAW FIRM, P.A.
P.O. Box 1563
Batesville MS 38606
(662) 563-4300
victoria@victoriaprince.net

*ATTORNEY FOR PLAINTIFF*

                                      */s/ Jason T. Marsh*
                                        JASON T. MARSH